The opinion of the court was delivered by
Duncan, J.
These actions are brought to decide a question between the parties, as to the right of William Lippencott and his wife to demand payment of the proceeds of the sale of the real estate devised to her by her former husband, the testator, and of Augusta Barnes, by her guardian William Lippencott, to receive the proceeds oí the real estate of her father, the testator, sold arid conveyed by the said Christiana and the said Jeremiah, under the powers vested in them by the will. Christiana never qualified as executrix, but executed conveyances to the purchasers. *117 and the securities taken for the purchase money are to her and Jeremiah Warder, jr., as executors of Barnaby Barnes. It is desirable to avoid, further than the case requires, giving any opinion as to what might be the construction of this will, in events that may never happen, or whether the money arising from the sale will in any event continue to be impressed with the character of real estate, and descend as such, or go to the next of kin of Augusta, as personal estate; but the case requires a decision on the question, and on the nature of,the estate of Christiana Lippencott.
The testator left two children, Augusta and Barnaby. Barnaby died in his infancy without issue.' William Lippencott is the guardian of Augusta, the surviving child of the testator, and has given satisfactoi’y security to the Orphans’ Court.
Christiana took an indefeasible estate in fee simple in one third part. The children, Augusta and Barnaby, a defeasible one. On their dying without issue, the'estate went over to the survivor of them, by way of executory devise. On the death of Barnaby-without issue, the whole fee simple in the two thirds vested in the survivor, Augusta. All the provisions in the executory devise relate to the children and the children’s part, for there is no devise over, as to the wife’s part. Christiana, the mother, could not die without issue, so long as either of these children lived. The object of the testator was to put his wife on an equality with the child he might leave; but he thought it wise to provide for the death of any child without issue, by giving over that child’s part to the survivor or survivors. That was án event seasonably determinable, The fee simple then became vested indefeasibly in the survivor Augusta, of the two thirds, on the death of her brother Barnaby without issue. It is quite clear that William Lippen-cott, in right of his wife, is entitled to one third part of the proceeds of the sale, and that whether the money remained marked with the character of real, or became converted, to every intent, into personal property; for the wife, by joining in this-aetion with her husband, has now consented to receive it as money. Slifer and others v. Beates and another, 9 Serg. & Rawle, 183. As to what may hereafter be a question, as to the descendible quality of this money, or its going over to the next of kin, on future contingencies, as relates to Augusta’s interest, the court studiously avoid dropping any intimation; but the court is clearly of opinion, that whether Warder stands in the relation of a trustee, or of an executor, he would be bound to pay over any money he received, or the securities mentioned in the case stated, to the guardian of Augusta. The trustee could not keep it in his hands unaccounted for. If an action were brought against any of these debtors, it must be in the name of Jeremiah Warder, jr., and William Lippencott and Christiana his wife, for the securities are to them. If the money was recovered and in Warder’s hands, he would be obliged to pay Christiana’s part to her husband, and Augusta’s *118 part to her guardian, who has given security to the Orphans’ Court. If this was a proceeding in chancery, the chancellor would decree the payment, though perhaps requiring a settlement on the wife, and to the guardian on giving security. But here, the husband has never been held to make a settlement on his wife, in order to get at her estate, and here security has been given by the guardian. If it was only a life interest, and the tenant for life sought to recover the money, he could now do so, on barely filing an inventory, though formerly chancery required security that the goods should be forthcoming at his decease. Westcott v. Cady, 5 Johns. Ch. Rep. 349. But I apprehend it is still usual in chancery, in a case of danger, to require security.. I will not prelend to say how it would be in Pennsylvania, as to requiring such security fróm a person to restore personal property devised for life. I do not know the tribunal here who could exact it. But this is not the case of a bequest for life, but a devise in fee; as to the wife’s third, always a fee, absolute and indefeasible; and, as to Jlugusta, the moment she became the sole survivor; for in no event could her estate be lessened, which was a devise to her and her heirs, defeasible only on a particular event; to go over on that event to a survivor. As there now can be none on her death without issue, that event can never happen. Where the money has not. been received, the plaintiffs have a right to call on Warder to proceed to recover the money due on the securities, or to assign them to the several plaintiffs in the proportions stated. The assignment of the securities would exonerate the defendant. Under these view's of the case, it is the opinion of the court that payment to' the husband of the wife’s third part will be good and available, and of the part of JLugusta to William Lippencott, as her guardian, and direct judgment so to be entered.
Judgment for the plaintiffs.